[Civ. No. 2279. First Appellate District.—December 15, 1917.]

## LE ROY M. EDWARDS et al., Respondents, v. LEWIS S. GEAR et al., Appellants.

PROMISSORY NOTE—SETTLEMENT OF SUIT—IGNORANCE OF REAL PARTIES IN INTEREST—SUFFICIENCY OF EVIDENCE.—In this action to set aside the settlement of an action on a promissory note, which settlement was made between the plaintiff in the action and the defendant therein, without the knowledge of the owners of the note or of counsel for either party, it is held the evidence sustains the finding that the defendant had knowledge that the plaintiff was not the true owner of the note and that it had been assigned to him merely for the purpose of collection.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge.

The facts are stated in the opinion of the court.

Edward R. Eliassen, and De Lancey C. Smith, for Appellants.

Le Roy M. Edwards, and L. R. Weinmann, for Respondents.

LENNON, P. J.—Lewis S. Gear, the defendant, gave his note on May 13, 1909, to Wilkie L. Edwards, who transferred the note to his sister, Lulu E. Chase, and his brother, Le Roy M. Edwards. Le Roy Edwards sent the note to the firm of Weinmann, Wood & Cunha, of San Francisco, for collection, and it was assigned to William F. Herron, a clerk in their office, solely for the purpose of collection. Suit was commenced in 1910 in the name of William F. Herron against Gear. Judgment went against Gear for the full amount of the note. Gear appealed and pending the appeal offers of settlement by Gear were referred to Edwards and by him refused.

While the appeal was pending Gear and Herron met and entered into an agreement of settlement of the case on April 30, 1914, without the knowledge or consent of Edwards, Lulu Chase, or the counsel on either side. At the time of the settlement the judgment of the lower court, together with interest and costs, had grown to a sum in excess of three thousand dollars. Gear settled with Herron for one thousand dollars, but did not report the settlement or pay any of the proceeds thereof to Edwards and Chase, the owners of the note. The agreement of settlement was not placed of record. Herron appeared on November 20, 1914, before this court and argued the case of Herron v. Gear, which seven months before had been settled. Gear appeared at the same time by his attorney, but no intimation was given that the case had been previously settled. The judgment was affirmed. On March 12, 1915, Chase and Edwards, having learned of the settlement, commenced an action to set aside the same upon the ground that it was procured and executed through the joint fraud of Herron and Gear. Injunctive relief was also sought by the complaint in the action to enjoin the satisfaction of the

judgment in the case. The court below rendered and entered judgment for the plaintiffs, from which the defendant Lewis S. Gear and the defendants Ada P. Gear and Anna P. Linnell, who were sureties on the appeal bond in the original case, have appealed.

The only point made in support of the appeal worthy of discussion is the insufficiency of the evidence to support the judgment. In this behalf it is conceded that if the evidence shows that Gear knew, prior to his attempted settlement with Herron, of the judgment that the plaintiffs were the actual owners of the note and that Herron held it only for the purpose of collection, then Gear's settlement with Herron was a fraud upon the plaintiffs and the judgment was proper.

A first reading of the transcript satisfies us that there was ample evidence adduced at the trial of the case to support the finding of the lower court that Gear knew that Chase and Edwards were the real owners of the note and that Herron held the note for collection only.

A circumstance showing such knowledge by Gear was the deposition of Herron, taken and offered in evidence in the presence of Gear in the suit of Herron *v.* Gear on behalf of Gear, and before the settlement, in which Herron stated that Mrs. Chase was one of the parties in interest in the matter and that the note had been assigned to him (Herron) merely for collection. It appears also from Herron's testimony that he in effect told Gear that Edwards was the owner of the note, and Edwards' testimony shows that Gear dealt with him as owner. It further appeared in evidence upon the trial of the present case that Gear himself, prior to the settlement in suit and to the trial of the case of Herron *v.* Gear, discussed with the attorney for Herron the latter's interest in the note and that during that discussion Gear would not admit "that Herron was the owner of the note . . . except for collection."

It is true that Gear testified that he did not know that Herron was not the owner of the note, but this merely presents a conflict in the evidence. The lower court resolved that conflict against the defendant Gear, and therefore, under the well-settled rule, we will not interfere with the finding of the lower court.

Judgment affirmed.

Kerrigan, J., and Richards, J., concurred.